

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN       AUSTIN 11, TEXAS
~~WILL WILSON~~
ATTORNEY GENERAL


Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

    Opinion No. O-3797

    Re: Liability of agencies and in-
    strumentalities of the Federal
    Government, and counties, cities,
    school districts and other poli-
    tical subdivisions of the State
    of Texas, for the excise tax
    levied by Article 6, House Bill
    No. 8, Acts, Regular Session,
    47th Legislature, upon the sale
    or use of motor vehicles in
    Texas.

       Your letter of July, 21, 1941, submits for our opinion the following question, which we quote therefrom:

      "You will please advise this department whether the one per cent motor vehicle tax, levied by Article 6, House Bill 8, Acts of the Regular Session of the Forty-seventh Legislature, accrues on motor vehicles owned and operated by agencies of the federal government, counties, cities, school districts, and other political subdivisions."

       Section 1, Article 6, House Bill No. 8, Acts, Regular Session, Forty-seventh Legislature, levies an excise tax upon every retail sale of a motor vehicle in this State, equal to one per cent of the total consideration paid or to be paid to the seller by the buyer. Section 2 of said Article levies, in the same amount, another species of an excise tax, to-wit, a use tax, upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof.

       Inasmuch as all owners of motor vehicles purchased in Texas, or purchased elsewhere and brought into the State for use upon the highways, must, before operating such vehicles upon the public highways, roads and streets of the State, apply to the assessor-collector of taxes of the county in which

he resides, for the registration of such vehicles for the
ensuing or current calendar year or unexpired portion there-
of and pay license or registration fees therefor, (Article
6675a-3, Vernon's Annotated Civil Statutes) the Legislature
conceived that the effective administration of a sales or
use tax upon motor vehicles could best be lodged with such
assessor-collector of taxes of the several counties. Hence,
Section 5 of the Act before us provides the following method
of collection:

"The taxes levied in this Article shall be
collected by the Assessor and Collector of Taxes
of the county in which any such motor vehicle is
first registered or first transferred after such
a sale; the Tax Collector shall refuse to accept
for registration or for transfer any motor vehicle
until the tax thereon is paid.

"When a tax becomes due on a motor vehicle
purchased outside of this State and brought into
this State for use upon the highways, the person,
firm, or corporation operating said motor vehicle
upon the public highways of this State shall pay
the tax imposed by Section 2 to the Tax Collector
of the county in which such motor vehicle is to
be registered. The tax shall be paid at the time
application is made for registration of said motor
vehicle, and the Tax Collector shall refuse to
issue the registration license until the tax is
paid."

But the Tax Assessor-Collector of the county, under
controlling statutes, has nothing whatsoever to do with the
registration of the motor vehicles involved in your inquiry,
but rather, the registration of such vehicles is with the
State Highway Department exclusively. The portion of Article
6675a-3, Vernon's Annotated Civil Statutes, pertinent here,
reads as follows:

"Owners of motor vehicles, trailers and
semi-trailers, which are the property of, and
used exclusively in the service of the United
States Government, the State of Texas, or any
County, City or School District thereof, shall
apply annually to register all such vehicles,
but shall not be required to pay the registra-
tion fees herein prescribed, provided that af-
fidavit is made at the time of registration by
a person who has the proper authority that such
vehicles are the property of and used exclusive-

ly in the service of the United States Government, the State of Texas, or County or City or School District thereof, as the case may be ..."

Article 6675a-3aa, Vernon's Annotated Civil Statutes, provides as follows:

"Before the delivery of license plates to anyone engaged exclusively in the service of and operating vehicles which are the property of the United States Government, or the State of Texas, or any counties, or cities thereof, such application shall have the approval of the State Highway Department before said plates are issued to any such applicant, and if it appears that said vehicle was transferred to any such agency for the sole purpose of evading the payment of registration fees, or that the same was not made in good faith, such plates shall not be issued. If, after the issuance of such, said vehicles cease to be, or are found to not be the property of such agencies, then such license fee receipt may be revoked, said plates may be recalled, ar' taken into possession by the State Highway Department. Said Department may provide for the issuance of specially designated plates to those exempt by law, and may provide rules and regulations for the issuance thereof, and for the enforcement hereof, and it shall be unlawful for any person to operate a vehicle if the license fee receipt has been revoked, and any such person shall be liable for the penalties prescribed for the failure to register a motor vehicle, which is being driven upon public highways."

It is our understanding that the State Highway Department and the various Tax Assessors-Collectors of the State have uniformly and consistently construed the above provisions to require all matters affecting the registration of motor vehicles owned and operated by agencies of the United States, the State of Texas, or any of its political subdivisions, to be handled entirely and exclusively by said State Highway Department and to place no authority or duty whatsoever upon the various Tax Assessors-Collectors of the State in this connection.

This existing statutory law and administrative or departmental interpretation thereunder, was, presumptively, and in contemplation of law, in the legislative mind and intent

when the instant Act was subsequently enacted to levy a sales
or use tax upon motor vehicles and place the collection of
such taxes exclusively with the county Tax Assessors-Collectors.
Therefore, although we find no express exemption of the motor
vehicles described in your letter, from the tax levied by
this Act, we think the above statutes and considerations
necessarily imply the exemption of such vehicles from the
purview and intendment of the Act.  No method of collect-
ing this tax upon the sale or use of such described vehicles
being devised or arranged by the Legislature, it would be an
anomaly to hold that nevertheless the Legislature intended
that such a tax would accrue.

Trusting the foregoing fully answers your inquiries,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Pat M. Neff, Jr.
Pat M. Neff, Jr.
Assistant

PMN:LM:wc


APPROVED AUG 4, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman